## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **Jonathan David Robbins** | * | |
| | * | |
| | * | |
| **13010 Boswell Court** | * | |
| **Potomac, Maryland 20854-6361** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | **Case No.:** PX  18 CV 3251 |
| **v.** | * | |
| | * | |
| **Lydia E. Lawless, Individually and** | * | |
| **Lydia E. Lawless, Bar Counsel** | * | |
| **200 Harry S. Truman Parkway** | * | |
| **Suite 300** | * | |
| **Annapolis, Maryland 21401-7479** | * | |
| | * | |
| **And** | * | |
| | * | |
| **The Attorney Grievance Commission of MD** | * | |
| **200 Harry S. Truman Parkway** | * | |
| **Suite 300** | * | |
| **Annapolis, Maryland 21401-7479** | * | |
| | * | |
| **Defendants** | * | |

**********************************************************************************

### COMPLAINT

**COMES NOW** the Plaintiff, Jonathan David Robbins and the Law & Accounting Offices of

Jonathan D. Robbins, Chartered (hereinafter collectively referred to as "Plaintiff"), pro se, and

hereby files this Complaint against Defendants Lydia E. Lawless, individually, Lydia E.

Lawless, Bar Counsel, and the Attorney Grievance Commission of Maryland (hereinafter

collectively referred to as "Defendant"), for multiple violations of Plaintiff's rights to due

process pursuant to 42 U.S.C. § 1983 and pursuant to Article 24 and Article 26 of the Maryland

Declaration of Rights, and in support thereof states the following:

## FACTS

1.  At all times hereinafter mentioned, Plaintiff was a resident of Potomac, Maryland.

2.  Plaintiff has been the Respondent in case #2016-1835 filed by the AGC pertaining to three of Plaintiff's clients.

3.  At all times hereinafter mentioned, Defendant was and is a resident of the State of Maryland.

4.  Plaintiff has not filed any other case in state or federal court dealing with the same facts as in this case or against the same defendants.

5.  Plaintiff is not a prisoner.

6.  Plaintiff is a tax attorney holding a Juris Doctor (J.D.) degree and a Master of Laws in Taxation (LL. M.) advanced legal degree, Certified Public Accountant, Certified Financial Planner, Personal Financial Specialist and a Chartered Global Management Accountant.

7.  Admitted to the Maryland bar in 1988, Plaintiff has been continuously in solo practice with limited to no support staff.

8.  Defendant is charged with the responsibility of administering and enforcing attorney disciplinary rules of the State of Maryland.

9.  Plaintiff was first notified about client complaints and concerns by Defendant on or about July 9, 2015.

10. Plaintiff engaged the firm of Nusinov Smith LLP for representation regarding Defendant's concerns on July 6, 2016.

11. Jurisdiction is proper due to a federal question at issue and all parties reside in the State of Maryland.   28 U.S.C §1331.

2

12.     Venue is proper as all events occurred within the State of Maryland. 28 U.S.C. § 1391.

13.     State law claims are properly before this Court utilizing this Court's ancillary jurisdiction powers pursuant to 28 U.S.C §1367.

## Complaint for Permanent and Temporary Injunctive Relief

## (COUNT I - Lydia E. Lawless, Individually, Lydia E. Lawless, Bar Counsel, and The Attorney Grievance Commission of Maryland under 42 U.S.C. § 1983)

14.     Defendant created and/or permitted a conflict of interest arising from referral of AGC "overflow cases" to the law firm of Nusinov Smith LLP, acknowledged by Defendant in filing dated March 15, 2018 in the case against Plaintiff, at the same time Nusinov Smith LLP was defending Plaintiff, knowingly facilitating harmful advice, negligent and/or intentional injurious misconduct and services (and failure to provide necessary and appropriate legal services) to Plaintiff, active concealment evidenced by no conflict-related discussion with Plaintiff and with no conflict waiver letter presented to Plaintiff.

15.     Defendant failed properly and in a timely manner to inform the Maryland Court of Appeals, the Circuit Court of Montgomery County, MD and Plaintiff that such a conflict of interest existed. The Court of Appeals was put on notice of this conflict by a motion filed by Plaintiff on or about March 13, 2018.

16.     Defendant improperly (negligently and/or intentionally) and unethically colluded with Nusinov Smith LLP to urge Plaintiff to accept a "settlement offer" by which Plaintiff would surrender Plaintiff's law license, with obvious and malicious intent that such a settlement would cause termination, cancellation, or surrender (the loss) of all other

professional licenses and designations held by Plaintiff, thus depriving Plaintiff of all sources of Plaintiff's livelihood.

17.   Defendant failed to inform Plaintiff about the pendency of a complaint against Jeffrey Nusinov, Esquire, the managing partner of Nusinov Smith LLP, at the same time that he was hired by Plaintiff, and during the time Plaintiff was represented by Nusinov Smith LLP, further crystalizing the conflict of interest issues.

18.   Defendant's collusion with their witting agent, Nusinov Smith, LLP, permitted, encouraged and resulted in: a) a massive failure of discovery; b) the failure to consider or discuss a defense strategy; c) the failure to locate and engage expert witnesses; d) the failure to secure the Fiedler (exculpatory) reports; e) the failure to object to the presence of one of Plaintiff's clients in the Panel Hearing room; f) the withdrawal as Plaintiff's counsel on the very eve of trial; and g) the unauthorized destruction of Plaintiff's files as well as potential exculpatory evidence.

19.   Defendant pursued the "Anita Baker-Nutt grievance" (case # 2015-1739) without objection by Nusinov Smith LLP, incorporating the allegations into case # 2016-1835, despite a full review by the AGC of all requested documents and other information, including Chief Investigator Marc Fiedler's "Interim Report" dated 2/26/16 and "Final Report" dated September 13, 2016 (both reports laudatory of Plaintiff's conduct), and dismissal of the Anita Baker-Nutt grievance.

20.   Defendant permitted one of the complainants to remain in the hearing room where the Panel Hearing proceeding was held following her testimony so as to facilitate her hearing and knowledge about Plaintiff's other clients and the existence of and the specific details

of the two other grievances pending against Plaintiff, to which Nusinov Smith, LLP failed to object.

21.    Defendant improperly blocked introduction of the exculpatory evidence of dismissal of the Baker-Nutt complaint, and the two "Fiedler reports" thereby preventing full and fair disclosure of the underlying facts and determinations made by the AGC, even after Plaintiff waived Plaintiff's right in open court to keep the Baker-Nutt grievance matter confidential.

22.    The actions (or failures to act) by Defendant demonstrate a profound failure by the Maryland Court of Appeals to properly supervise Defendant. Such failure to supervise is despite actual or constructive knowledge that Defendant routinely engages in unconstitutional conduct, and demonstrates indifference or tacit authorization of Defendant's conduct, thus permitting the deprivation of Plaintiff's constitutional right to due process.

23.    Defendant improperly failed to disclose and produce potentially exculpatory evidence in two client complaint matters, such as the final reports by Marc Fiedler, the AGC's Chief Investigator.

24.    These and other acts have irrevocably tainted the case against Plaintiff, and deprived Plaintiff of his right to due process, causing the potential for irreparable damage to Plaintiff's ability to practice law, as well as Plaintiff's other professions and other damages due to Defendant's intentional and/or negligent wrongful misconduct, and which deprived Plaintiff of an opportunity to properly and zealously defend himself.

25.   The Court of Appeals of Maryland is on the verge of considering and making a ruling on the basis of an incomplete and inaccurate record, which lacks documents and testimony on significant issues, due directly to the denial of due process indicated above.

26.   The lack of due process is so pervasive, so broadly impactful on the Plaintiff's rights, and so deeply entrenched in the case prosecuted by Defendant, so fatally flawed, that it must not be permitted to proceed.

WHEREFORE, Plaintiff, Jonathan David Robbins, respectfully requests that this Honorable Court issue an injunction and temporary restraining order to enjoin the Maryland Court of Appeals proceeding scheduled for November 5, 2018 in which Plaintiff is the Respondent.

## Complaint for Compensatory and Punitive Damages

### (COUNT II - Lydia E. Lawless, Individually, Under 42 U.S.C. § 1983)

27.   Plaintiff repeats, re-alleges and incorporates by reference herein paragraphs one (1) through twenty-six (26).

WHEREFORE, Plaintiff, Jonathan David Robbins, respectfully requests that this Honorable Court award Plaintiff fifteen million dollars ($15,000,000) in compensatory and fifteen million dollars ($15,000,000) in punitive damages against Defendant Lydia E. Lawless.

**Complaint for Temporary Restraining Order**

**(COUNT III - Lydia E. Lawless, Individually, Lydia E. Lawless, Bar Counsel and The Attorney Grievance Commission of Maryland under Article 24 and Article 26 of the Maryland Declaration of Rights)**

28.     Plaintiff repeats, re-alleges and incorporates by reference herein paragraphs one (1) through twenty-seven (27).


WHEREFORE, Plaintiff, Jonathan David Robbins, respectfully requests that this Honorable Court issue an injunction and temporary restraining order to enjoin the Maryland Court of Appeals proceeding scheduled for November 5, 2018 in which Plaintiff is the Respondent.


**Complaint for Compensatory and Punitive Damages**

**(COUNT IV- Lydia E. Lawless, Individually, and Lydia E. Lawless, Bar Counsel Under Article 24 and Article 26 of the Maryland Declaration of Rights)**

29.     Plaintiff repeats, re-alleges and incorporates by reference herein paragraphs one (1) through twenty-eight (28).

30.     By engaging in such improper conduct, Defendant Lawless deprived Plaintiff of the rights, privileges and immunities guaranteed to Plaintiff under Article 24 and Article 26 of the Maryland Declaration of Rights.  As a result of Defendant Lawless' conduct and

7

actions, Plaintiff has suffered and will continue to suffer severe emotional anguish, loss of reputation, loss of income, and other damages.

WHEREFORE, Plaintiff, Jonathan David Robbins, respectfully requests that this Honorable Court award Plaintiff fifteen million dollars ($15,000,000) in compensatory and fifteen million dollars ($15,000,000) in punitive damages against Defendant Lydia E. Lawless.

## JURY DEMAND

Plaintiff requests a jury trial as to all issues triable by jury

SIGNED THIS 19th day of October, 2018.

Signature of Plaintiff

Jonathan David Robbins_____
Printed Name

13010 Boswell Court_____
Address

Potomac, MD 20854-6361____

301-299-8700_____
Telephone Number

jonathan@jdrchartered.com____
E-Mail Address