IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JONATHAN DAVID ROBBINS, | * | |
| Plaintiff | * | |
| v. | * | Civil Action No. 18-3251-PX |
| LYDIA LAWLESS, *et al.*, | * | |
| Defendants | * | |

***

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendants Attorney Grievance Commission of Maryland, Lydia E. Lawless, Jessica M. Boltz, and Richard E. Melnick's (collectively, "Defendants") motion to strike Plaintiff's notice of voluntary dismissal without prejudice. ECF No. 27. For the reasons that follow, Defendants' motion to strike is DENIED, Plaintiff's Notice of Voluntary Dismissal is APPROVED, and the case is DISMISSED without prejudice pursuant to Rule 41(a) of the Federal Rules of Civil Procedure.

Plaintiff Jonathan Robbins ("Robbins") is the respondent in case number 2016-1835 filed by the Attorney Grievance Commission of Maryland relating to his representation of three clients. ECF No. 6 ¶ 2. On October 19, 2018, Robbins filed a complaint in this Court, alleging that in the Grievance case, Defendant Lawless had violated his due process rights pursuant to 42 U.S.C. § 1983 and Articles 24 and 26 of the Maryland Declaration of Rights. ECF No. 1. Robbins swiftly thereafter moved for temporary restraining order in which he sought to enjoin the Maryland Court of Appeals from conducting a "proceeding" in connection with the Grievance case on November 5, 2018. ECF No. 4 at 8. This Court denied the motion for failure to provide Defendant sufficient notice. ECF No. 5. Robbins amended his Complaint to add Defendants Boltz and Melnick, ECF No. 6, and again moved for temporary restraining order.

ECF No. 8. This Court again denied the motion to halt his state grievance hearings, reasoning that "Robbins' case hardly rises to the level of 'extraordinary circumstances' warranting the exercise of federal jurisdiction over this case." ECF No. 15 at 4.

Defendants then moved to dismiss Robbins' Amended Complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), arguing that "Robbins' claims are barred by Defendants' various immunities" and that the Amended Complaint fails to state a claim upon which relief can be granted. ECF No. 21-1 at 3. On January 2, 2019, Robbins submitted to this Court a notice of voluntary dismissal in which Robbins seeks to dismiss his case without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1). ECF No. 26. Defendants moved to strike Plaintiff's notice of voluntary dismissal. ECF No. 27.

Rule 41(a)(1) affords the plaintiff an opportunity to voluntarily dismiss an action without prejudice "by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs." Fed. R. Civ. P. (41)(a)(1)(A)(i). This "dismissal is available as a matter of unconditional right . . . and is self-executing, i.e., it is effective at the moment the notice is filed with the clerk and no judicial approval is required." *Marex Titanic, Inc. v. Wrecked and Abandoned Vessel*, 2 F.3d 544, 546 (4th Cir. 1993) (citing *Matthews v. Gaither*, 902 F.2d 877, 880 (11th Cir. 1990), and *Kenrose Mfg. Co. v. Fred Whitaker Co.*, 512 F.2d 890, 895 (4th Cir. 1972)).

Because a Rule 41(a)(1) voluntary dismissal is self-executing, Defendants' motion to strike Robbins' dismissal notice is more accurately a request to "vacate" the voluntary dismissal. *See Marex Titanic*, 2 F.3d at 545 (assessing whether a district court properly vacated a notice of voluntary dismissal); *Finley Lines Joint Protective Bd. Unit 200, Bhd. Ry. Carmen, a Div. of Transp. Commc'ns Union v. Norfolk S. Corp.*, 109 F.3d 993, 995 (4th Cir. 1997) (same); *Adams*

*v. NVR Homes*, Inc., 193 F.R.D. 257, 260 (D. Md. 2000) (denying a motion to vacate a voluntary dismissal). At bottom, however, Defendants urge this Court not to dismiss the case without prejudice because it wishes for the Court to reach the merits of Defendants' pending dismissal motion. To stave off dismissal without prejudice, Defendants assert that its motion to dismiss should be treated "effectively [as] a motion for summary judgment," thus precluding the Rule 41 dismissal. ECF No. 27 at 3. A pending motion to dismiss cannot be converted to one for summary judgment, however, "until the district court acts to convert the motion." *Finley Lines*, 109 F.3d at 997. This Court had not converted Defendants' dismissal motion to one for summary judgment. Dismissal under Rule 41, therefore, remains in full force and effect.

Accordingly, it is, this 8th day of January 2019, by the United States District Court for the District of Maryland, ORDERED that Defendants' motion to strike Plaintiff's notice of voluntary dismissal IS DENIED. The case is DISMISSED without prejudice. The Clerk is DIRECTED to CLOSE the case.

\_January 8, 2019_____  _____/S/_____
Date                                                              Paula Xinis
                                                                  United States District Judge